**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SHANNON LEE BODDIE,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:17-CV-718-L-BH** |
| | ) | |
| **DALLAS COUNTY COMMUNITY** | ) | |
| **COLLEGE DISTRICT,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed with prejudice for failure to state a claim.

## I. BACKGROUND

On March 13, 2017, Shannon Lee Boddie (Plaintiff) filed this *in forma pauperis* (IFP) action against the Dallas County Community College District (Defendant). (*See* docs. 3, 5, 6.) He contends that he applied has been communicating with Defendant's Financial Aid office to ensure that he would have access to federal student loans for the Spring 2017 semester. (*See* doc. 3 at 2-3.)[1] Financial Aid office personnel told him that he would receive the credit balance of funds from a second installment of student loans disbursed to his student account in March, but because he has not yet received that disbursement, he has been unable to pay his living expenses and has suffered damages. (*Id.* at 3, 10-17.) Plaintiff sues for violation of Title IV of the Higher Education Act, 20 U.S.C. §§ 1070 et seq., and 34 C.F.R. § 668.164, and he seeks $2,000,000,000.00 in damages. (*Id* at 1, 4.) No process has been issued.

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2).  That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted."  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios."  *Id.* at 327-28.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted.  *Id.*

## III.  HIGHER EDUCATION ACT

Under Title IV of the Higher Education Act of 1965 ("HEA"), 20 U.S.C. § 1070 et seq., the federal government provides financial aid to eligible students who enroll in eligible programs at post-secondary institutions.  *U.S. ex rel. Miller v. Weston Educational, Inc.*, 10 F.Supp.3d 1046, 1049 (W.D.Mo. 2014); *Mission Group Kansas, Inc. v. Spellings*, 515 F.Supp.2d 1232, 1235 (D. Kan. 2007).  "The HEA specifies that the Secretary of Education has the power to carry out the Act's purposes; the Secretary has promulgated numerous and comprehensive regulations that regulate educational institutions' compliance with the HEA."  *Labickas v. Arkansas State*

*University*, 78 F.3d 333, 334 (8th Cir.1996) (per curiam).  Those regulations provide the procedures for the Secretary of Education to handle alleged violations of the HEA.  *L'ggrke v. Benkula*, 966 F.2d 1346, 1347-48 (10th Cir. 1992).  The regulation that governs refund of credit balances of student loan funds is 34 C.F.R. § 668.164, which in relevant part provides:

> (h) Title IV, HEA credit balances.
>
> > (1) A title IV, HEA credit balance occurs whenever the amount of title IV, HEA program funds credited to a student's ledger account for a payment period exceeds the amount assessed the student for allowable charges associated with that payment period as provided under paragraph (c) of this section.
> >
> > (2) A title IV, HEA credit balance must be paid directly to the student or parent as soon as possible, but no later than—
> >
> > > (i) Fourteen (14) days after the balance occurred if the credit balance occurred after the first day of class of a payment period; or
> > >
> > > (ii) Fourteen (14) days after the first day of class of a payment period if the credit balance occurred on or before the first day of class of that payment period.

34 C.F.R. § 668.164(h).

Joining every other circuit court that has considered the issue, the Fifth Circuit Court of Appeals has held that the HEA does not provide a private cause of action.  *Murungi v. Texas Guaranteed*, 402 Fed. App'x 849, 850 & n. 2 (5th Cir. 2010), citing *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221, 1224–25 (11th Cir. 2002) (noting "that nearly every court to consider the issue in the last twenty-five years has determined that there is no express or implied private right of action to enforce any of the HEA's provisions," and finding that it did not confer a private right of action); *Thomas M. Cooley Law Sch. v. ABA*, 459 F.3d 705, 711 (6th Cir. 2006) (finding "no reason not to follow the holdings of our sister circuits" that no private right of action exists under the HEA); *L'ggrke*, 966 F.2d at 1348 (finding that neither the HEA nor the

3

regulations promulgated under it provide a private cause of action); *see also Labickas,* 78 F.3d at

334 (concluding "that no private right is implied under the HEA for student borrowers" against

educational institutions); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th

Cir.1995) (finding no express right of action under the HEA).

In *L'ggrke*, which was cited by the Fifth Circuit, a student borrower sued an educational

institution because it refused to disburse the excess of funds required for tuition and fees so that

he could use them to pay his living expenses. 966 F.2d at 1347. The Tenth Circuit found that

the HEA and regulations promulgated under it "explicitly delegate power to the Secretary to

supervise and enforce the student loan program and participating institutions' conformance with

the Act," and that the "extensive enforcement authority" given to the Secretary in Title IV

indicated Congressional intent for it "to be the exclusive means for ensuring compliance with the

statutes and regulations." *Id.* at 1348. Holding that neither the express language of the HEA nor

the regulations promulgated under it created a private cause of action or allowed for student

enforcement or entitlement to civil damages, it affirmed dismissal of the student's HEA claims

for failure to state claim. *Id. L'ggrke* is directly on point.

Because neither the HEA nor the regulations promulgated under it provide for a private

cause of action, Plaintiff has failed to state a claim upon which relief may be granted. *See id.*;

*Murungi*, 402 Fed. App'x at 850 (affirming dismissal of a student's HEA lawsuit for failure to

state a claim); *see also Labickas,* 78 F.3d at 334-35 (affirming dismissal of student borrower's

suit for failure to state a claim upon which relief can be granted because there is no private right

of action under the HEA).

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice under 28 U.S.C. §

1915(e)(2) for failure to state a claim on which relief may be granted.

**SO RECOMMENDED on this 16th day of March, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties
in the manner provided by law.  Any party who objects to any part of these findings, conclusions
and recommendation must file specific written objections within 14 days after being served with
a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection
must identify the specific finding or recommendation to which objection is made, state the basis
for the objection, and specify the place in the magistrate judge's findings, conclusions and
recommendation where the disputed determination is found.  An objection that merely
incorporates by reference or refers to the briefing before the magistrate judge is not specific.
Failure to file specific written objections will bar the aggrieved party from appealing the factual
findings and legal conclusions of the magistrate judge that are accepted or adopted by the district
court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79
F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE